DELGADO, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Forced Sale.

No. 514.—Decided May 11, 1922.

RECORD OF TITLE—COMMUNITY PROPERTY.—A property being recorded as commu-
nity property, while that record remains uncanceled the legal status estab-
lished by that entry, whether true or not, must be considered as *prima facie*
correct for the purposes of the record.

The facts are stated in the opinion.

The appellant appeared by brief.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of San Juan in the course of a judicial
administration, at the instance of Obdulia Sosa, widow of
González and judicial administratrix of the estate of Isaías
González, ordered the sale of an undivided interest in cer-
tain real property.

The marshal after a sale at public auction executed in
favor of the successful bidder a deed, record of which was
refused by the registrar of property for reasons stated as
follows:

"After a review of other papers the admission to record of the
preceding document is denied on the following grounds: First, be-
cause, since according to the registry the joint property sold is pre-
sumed to be community property, there must be some showing of
the existence either of an express consent to the sale or the consum-
mation thereof by the surviving spouse to the extent of his authority,
a requirement that does not appear to have been complied with herein
since it is not shown what relation exists between the judicial admin-
istrator Obdulia Sosa, widow of González, and the ancestor, the pre-
sumption that the property is community property arising from
the following facts: That it was said that the deceased took title
to a part of the joint property for a valuable consideration and there
was no showing that the same was private property and that although
it was stated in the dominion title proceedings, by virtue whereof
the joint property was recorded, that a portion thereof had been
acquired by inheritance, there was a statement made by one of the

former registrars which appeared in the entry of record itself and to which no objection was made, denying that the acquisition partook of a private character because of the failure of the spouse of the petitioner to appear in the proceeding and agree thereto, and that such entry of record should be regarded as in force in all respects until rectified or annulled in a proper legal manner.—2. That the joint property in question is recorded in favor of the ancestor, a person distinct from his succession in this case, whereas article 30 of the Mortgage Law requires that it shall be recorded in the name of the succession in the absence of a showing that the succession is vacant, the accompanying certificate of the clerk of the' district court not being conclusive regarding the matter since he bases his conclusion on the fact that no designation of heirs was made, which fact alone is not decisive, since the instrument presented shows that the portion inherited was placed under judicial administration, without stating in what capacity the petitioner acted, whether as creditor, widow or heir, or that the inheritance had been repudiated, and under such circumstances it must be presumed that the petition for administration, which is not claimed to be provisional, involves an act of acceptance, the grounds for such administration prescribed in sections 23, 24, 25 of the Special Legal Proceedings Act being absent in this case, and were the widow the administrator the defect of vacant inheritance would be still more pronounced since, even though a designation of heirs were lacking, the widow would be a presumed heir, either usufructuary or to the extent that the Civil Code considers her an heir in her own right, in which event it becomes absolutely necessary that the title of the succession be first established and recorded; in the absence of persons entitled to inherit, The People of Porto Rico would become the successors and there is neither any showing that they have been notified of the proceeding. In lieu of the entry of record a cautionary notice has been inserted for the legal period on the reverse side of page 112 of volume 17 of Carolina, property No. 731, entry letter A, wherein is also included the curable defect of failure to state the name and surname of the wife of the purchaser and the further curable defect set forth in the original entry of record of the whole property, to the effect that a certain specification of part ownerships including that sold was not acquiesced in originally. All in accordance with the said articles and the decisions of the Supreme Court as found in vol. 18, p. ——; vol. 19, p. ——, and vol. 28, p. ——.''

Appellant assigns as error:

"As to the first defect, the finding by the said registrar that the right conveyed by the deed of sale and recorded in the name of deceased as a separate interest by virtue of ownership proceedings duly prosecuted before the District Court of San Juan, is community property.

"The second defect noted by the registrar, respondent, in his decision consists of the supposed violation of article 20 of the Mortgage Law requiring a previous entry of record in the name of the ancestor's succession, the registrar failing to take into consideration the fact that a vacant succession is involved.

"This defect is without legal force for the following reasons:

"First: Because the sale of the real property in question was ordered by the court in an *ex parte* proceeding had for the judicial administration of the estate of the ancestor.

"Second: Because the proceeding in which the sale was ordered does not figure among those that can be brought against decedent's succession, but must be petitioned for by the succession itself.

"Third: Because the registrar had before him a certificate of the court wherein the clerk thereof shows that according to the records of the case the marshal of said court made the sale in favor of the petitioner herein, assuming that he continued the personality of decedent Isaías González Cruz.

"Fourth: Because, according to said certificate, the inheritance was *vacant* and the *sale was made to the appellant for the purpose of terminating the administration of the decedent Isaías González Cruz.*"

The record of the decree of dominion title referred to by the appellant reads in part as follows:

"Manuel González Cruz, of age, married, resident of Carolina, appeared before the First Division of the District Court of San Juan on October 29, 1914, and moved the court to adjudge that he, his brother Isaías González Cruz, also married, of age and residing at Carolina, and his nephew Enrique Mayol González, minor, single and residing in the same place, were the owners of this property and another two properties shown in the marginal note, and that they held an undivided interest in common in the property under discussion as follows: Enrique Mayol González, 10.70 acres; Isaías and Manuel González Cruz, 26.75 acres each, the former by inheritance from his mother Emma, who in turn took title in 1897 from her mother Micaela Cruz Tarbot and from whom and as legitimate

children Manuel and Isaías also inherited 5.38 acres each.; and the
remaining 42.80 acres by purchase from Cosme Cruz in the year 1898
and from Mariano Cruz in the year 1902, brothers of Micaela Cruz,
the three latter having acquired the entire property by virtue of
inheritance from their mother Juana Francisca Tarbot and remained
in possession thereof for more than thirty years.  *  *  *  Cristino
Díaz Mundo and Martín Rodrigo took the witness stand and although
they testified that these properties were acquired by inheritance, it
will be observed that the court sustained the motion in connection
with this property in which the acquisition of title by purchase and
inheritance is set forth.  Hence, the court, by order of May 28, 1915,
signed by Judge Felix Córdova Dávila before Clerk Celestino Ma-
rrero, which is declared to have become final, sustained the initial
motion and the title of ownership over this property and the two
properties described in the margin in the name of Manuel Isaías
González Cruz and Enrique Mayol González, ordering their admis-
sion to record; the co-owners Manuel and Isaías González Cruz being
married and their respective spouses not having participated in the
proceeding, it is not possible to consider the parts or acres acquired
by inheritance as partaking of the character of separate property and
the same must hence be presumed to be community property.  By
virtue thereof Manuel and Isaías González Cruz and Enrique Mayol
González record their common undivided interests in the proportions
set forth in the dominion title of this property subject to the curable
defect of failure to prove the right of representation of Manuel Gon-
zález Cruz, as a result whereof the fixing of the shares herein outlined
have not been acquiesced in by the other co-owners.  All of which is
shown by a certificate dated July 13, 1915, issued by the deputy
clerk of the court, Francisco Negroni, including the order referred
to.  *  *  *  And there is further noted the curable defect of failure
to state the names and surnames of the wives of the co-owners Manuel
and Isaías González Cruz.''

From this entry it does not appear, as asserted by ap-
pellant, that the interest of Isaías González was recorded
as his separate property. The record does not show that
the court undertook to determine the question of separate
ownership. It does not even indicate that the petition con-
tained any prayer for such characterization of the title. It
does point out that Isaías González appeared in the pro-

ceeding as a married man and as having acquired the major portion of the interest in question by purchase. In the circumstances, the mere fact that certain witnesses stated that the property had been acquired by inheritance would hardly have justified a record thereof as separate property had such an entry been requested.

But in any event the interest was not recorded as separate·property, but expressly characterized by the registrar as *prima facie* ganancial and no appeal was taken from the ruling. So long as the entry then made remains uncancelled by virtue of a judicial decree, the status created by the original entry, whether true in fact or not, must be regarded for purposes of record as *prima facie* correct. *Dávila* v. *Registrar of Caguas,* 28 P. R. R. 183.

In *Arias et al.* v. *Registrar of Property,* 19 P. R. R. 1115, this court held, to quote the syllabus, that:

"A mortgage having been recorded in the registry of property in favor of a spouse as his private property, the record setting out the statements of the attorney-in-fact of the spouse who loaned the money to the effect that said money belonged exclusively to said spouse and proceeded from property which he contributed to the conjugal partnership, it is not possible to disregard the legal effects of that record and the registrar cannot refuse to record the deed of cancellation of that same mortgage later on the ground that the other spouse did not consent to said cancellation."

The same rule would apply *a fortiori* to a record of real estate as community property, for the entry in such case does not rest solely upon a technical basis, but is also sus· tained by the legal presumption that attaches to all property found in the possession of either of the spouses.

The only authority cited in support of the second assignment is *Passalacqua Hermanos & Co.* v. *Registrar,* 6 P. R. R. 43, where reference is made to the former doctrine of the General Directorate that "save only in cases of inheritances not yet occupied, property sold or awarded by judicial

process in payment of debts should be recorded in the name of the heirs of the debtor, before entering the same in favor of the vendee or grantee."

But for the reasons stated by the registrar the certified legal conclusion of the secretary of the district court does not establish the fact, if it be a fact, that in the case at bar the inheritance is vacant. See also *Amy* v. *Aponte,* 29 P. R. R. 134; *Armstrong & Co.* v. *Irizarry, id.* 563.

The ruling appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.